■ ARLENE MORSELLINO et al., Respondents, v ABRAHAM FRANKEL et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Saladino, J.), dated April 10, 1989, which denied the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the defendants' contentions, the plaintiffs carried their burden of establishing a prima facie case of "serious injury" pursuant to Insurance Law § 5102 (d) (see, Licari v Elliott, 57 NY2d 230, 237; cf., Lopez v Senatore, 65 NY2d 1017). In opposition to the defendants' motion for summary judgment, the injured plaintiff submitted her own affidavit, in which she complained of persistent pain, numbness and limitation of mobility, together with the medical reports of her treating orthopedic surgeon, who, after taking X rays, discerned the existence of various injuries which he described, with a reasonable degree of medical certainty, as "permanent" in nature. While the defendants submitted a physician's report which concluded otherwise, the discrepancies in the reports "involve issues of credibility which are for a jury to determine" (see, Francis v Basic Metal, 144 AD2d 634, 635). Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.

■ JOHN F. MULLEN, as Administrator of the Estate of JOHN H. MULLEN, JR., Deceased, Respondent, v FLUSHING HOSPITAL et al., Defendants, and GANESH P. KUMAR, Appellant.—In a wrongful death action, the defendant Ganesh P. Kumar appeals from so much of an order of the Supreme Court, Queens County (Rosenzweig, J.), dated February 9, 1989, as denied his motion to dismiss the complaint and granted the plaintiff's cross motion to file a late notice of medical malpractice action.

Ordered that the order is affirmed insofar as appealed from, with costs.

An examination of the record leads us to conclude that the Supreme Court did not improvidently exercise its discretion in allowing the plaintiff to file a late notice of medical malpractice action (CPLR 3406 [a]) since, as the court concluded, there is no evidence that the appellant was prejudiced by the plaintiff's delay (see, CPLR 2004; Tewari v Tsoutsouras, 75 NY2d 1, 13; Tak Kuen Nagi v Sze Jing Chan, 159 AD2d 278; Criaris v Weber, 158 AD2d 502). Bracken, J. P., Rubin, Rosenblatt and Miller, JJ., concur.