■ BRADLEY G. GEORGIA et al., Respondents-Appellants, v HILLIA RAMAUTAR et al., Appellants-Respondents.—In an action to recover damages for personal injuries, etc., (1) the defendants appeal from so much of an order of the Supreme Court, Queens County (Hentel, J.), dated May 15, 1990, as granted those branches of the motion of the plaintiffs Steven W. Stillwagon and Donna L. Stillwagon which were to renew a motion by the defendants for summary judgment dismissing the complaint insofar as it is asserted on behalf of Steven W. Stillwagon and Donna L. Stillwagon which had been granted by order of the same court dated January 31, 1990, and, upon renewal, vacated that prior determination and denied the defendants' motion for summary judgment, (2) the plaintiffs Steven W. Stillwagon and Donna L. Stillwagon cross-appeal from so much of the order dated May 15, 1990, as denied that branch of their motion which was for summary judgment in their favor on the issue of liability, and (3) the plaintiff Bradley G. Georgia cross-appeals from so much of the order dated May 15, 1990, as, in effect, denied his application for summary judgment dismissing the counterclaim against him.

Ordered that the order dated May 15, 1990, is modified, on the law, by deleting the provision thereof which vacated the determination in the order dated January 31, 1990, and denied the defendants' motion for summary judgment, and substituting therefor a provision adhering to the original determination in the order dated January 31, 1990; as so modified, the order dated May 15, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated May 15, 1990, is reversed insofar as cross-appealed from by Bradley G. Georgia, and the application for summary judgment dismissing the counterclaim against him is granted; and it is further,

Ordered that the cross appeal by Steven W. Stillwagon and Donna L. Stillwagon from the order dated May 15, 1990, is dismissed as abandoned; and it is further,

Ordered that the appellants-respondents and the respondent-appellant Bradley G. Georgia, appearing separately and filing separate briefs, are awarded one bill of costs.

We conclude that the injuries suffered by the plaintiff

Steven W. Stillwagon as a result of an automobile collision which occurred on June 26, 1988, are insufficient, as a matter of law, to satisfy the definition of "serious injury" set forth in Insurance Law § 5102 (d), and that no action can therefore be maintained against the defendants on account of those injuries (see, Insurance Law § 5104 [a]).

On their motion for summary judgment, the defendants presented proof from two physicians, one of whom was the plaintiff Steven W. Stillwagon's treating physician, demonstrating the absence of any condition which might arguably meet the serious injury threshold. The only additional proof placed before the Supreme Court on renewal was a report and affidavit from Dr. S. S. Farkas. In the report he stated his diagnosis of unresolved cervical and lumbar sprains, chronic cervical myofascitis, and cervical osteoarthritis. Although he did not state that any of these conditions were permanent in nature, Dr. Farkas concluded that the plaintiff Steven W. Stillwagon had a "moderate partial disability considering his continuing complaint of pain and [the] myofascial findings about the cervical spine". In his affidavit, he restated his position concerning the partial disability, indicating that the plaintiff continues to suffer pain and has a significant limitation of motion of the cervical spine.

There is an absence of any medical affidavit or other objective proof leading to the conclusion that the plaintiff Steven W. Stillwagon suffers from "permanent consequential limitation of use of a body organ or member" or a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). Conclusions, even of an examining doctor, which are unsupported by acceptable objective proof are insufficient to defeat a summary judgment motion directed to the threshold issue of whether the plaintiff Steven W. Stillwagon has suffered serious physical injury (see, Lopez v Senatore, 65 NY2d 1017). Although he complains of persistent pain which limits his movements, there are no test results or other medical data offered to show that these limitations are anything but minor or temporary in nature (cf., Morsellino v Frankel, 161 AD2d 748; Ottavio v Moore, 141 AD2d 806; Perez v Einhorn, 123 AD2d 752). The only other possibility—an injury of a nonpermanent nature which prevents the injured party from performing his customary activities for 90 of the first 180 days following the accident—fails as well, inasmuch as he returned to and was able to perform his job within 50 days of the accident (see, Insurance Law § 5102 [d]; De Filippo v White, 101 AD2d 801). In view of the foregoing, summary

judgment should have been granted to the defendants dismissing the complaint insofar as it is asserted on behalf of the Stillwagons *(Licari v Elliott,* 57 NY2d 230). We also dismiss, as academic, the defendants' counterclaim for contribution against the plaintiff Bradley G. Georgia, the driver and owner of the car in which Steven W. Stillwagon was a passenger *(see,* CPLR 3212 [b]). Bracken, J. P., Harwood, Balletta and Copertino, JJ., concur.