■ ELAINE JACONDINO et al., Appellants, v ANTHONY LOVIS et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Kutner, J.), dated May 29, 1990, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) an order of the same court, dated October 23, 1990, which denied the motion which was denominated by the plaintiffs as a motion for renewal, but which was, in actuality, a motion for reargument.

Ordered that the order dated May 29, 1990, is affirmed; and it is further,

Ordered that the appeal from the order dated October 23, 1990, is dismissed; and it is further,

Ordered that the defendants are awarded one bill of costs.

On August 28, 1987, the plaintiff Elaine Jacondino was injured when her automobile collided with a vehicle driven by the defendant Anthony Lovis and owned by the defendant Deborah Lovis. The injured plaintiff and her husband subsequently commenced the instant action against Anthony and Deborah Lovis, and the defendants moved for summary judgment, contending that Elaine Jacondino had not sustained a "serious injury" as defined by Insurance Law § 5102 (d). In support of the motion, the defendants relied upon an unsworn report prepared by their examining physician which stated that there was no objective evidence that the plaintiff Elaine Jacondino suffered from "continuing injury". The defendants additionally relied upon unsworn reports prepared by the plaintiff's treating chiropractor, and by a neurologist who examined her shortly after the accident.

Contrary to the plaintiffs' contention, we find that the Supreme Court properly awarded summary judgment to the defendants. Although the unsworn report of the defendants' examining physician did not, standing alone, establish their

entitlement to judgment as a matter of law *(see, Pagano v Kingsbury,* 182 AD2d 268; *Marsh v Wolfson,* 186 AD2d 115 [decided herewith]), the reports of the plaintiff's neurologist and chiropractor demonstrated that she had not sustained a "serious injury" within the meaning of Insurance Law § 5102 (d) *(see, Georgia v Ramautar,* 180 AD2d 713; *Maenza v Letka-jornsook,* 172 AD2d 500; *Delfino v Davey,* 159 AD2d 604). In order to defeat the defendants' motion for summary judgment, the plaintiffs were thus required to produce evidentiary proof in admissible form demonstrating the existence of an issue of fact, or to provide an "acceptable excuse for [the] failure to meet the strict requirement of tender in admissible form" *(Zuckerman v City of New York,* 49 NY2d 557, 562; *Pagano v Kingsbury, supra).* Since the plaintiffs failed to submit any medical evidence, in admissible form, which demonstrated that the plaintiff Elaine Jacondino had sustained a "serious injury" within the meaning of Insurance Law § 5102 (d), or to offer any excuse for the failure to do so, the defendants' motion for summary judgment was properly granted *(see, Pagano v Kingsbury, supra).*

Furthermore, the plaintiffs' motion, although denominated as one for renewal, was based primarily upon evidence which could have been obtained at the time of the original motion, and the plaintiffs offered no excuse for their failure to initially present this evidence in opposition to the defendants' motion for summary judgment *(see, Matter of Barnes v State of New York,* 159 AD2d 753; *Huttner v McDaid,* 151 AD2d 547; *Matter of Kadish v Colombo,* 121 AD2d 722; *McRory v Craft Architectural Metals Corp.,* 112 AD2d 358). Therefore, the motion was in actuality one for reargument, and since no appeal lies from the denial of a motion for reargument, the appeal from the order dated October 23, 1990, is dismissed *(see, Chiarella v Quitoni,* 178 AD2d 502; *Huttner v McDaid, supra).* Sullivan, J. P., Harwood, Balletta and Eiber, JJ., concur.