■ GINA MARSH, Respondent, v MELVIN WOLFSON et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Dunkin, J.), dated August 1, 1990, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants moved for summary judgment contending that the plaintiff did not sustain a "serious injury" within the purview of Insurance Law § 5102 *(see, Licari v Elliott,* 57 NY2d 230). In support of their motion, the defendants relied on an unsworn report prepared by their examining physician expressing an opinion that all of the plaintiff's claimed injuries were "resolved" and that there was no objective evidence of a causally related disability. Where, as here, the proponents

of summary judgment rely solely on the findings of their own medical witnesses, those findings must be in admissible form, i.e., affidavits or affirmations, and not unsworn reports, in order to make a " 'prima facie showing of entitlement to judgment as a matter of law' " *(Pagano v Kingsbury,* 182 AD2d 268, 270). Thus, the papers submitted in support of the motion were insufficient to warrant the court, as a matter of law, in directing judgment in favor of the defendants (CPLR 3212 [b]).

In any event, the plaintiff carried her burden of establishing a prima facie case of "serious injury" pursuant to Insurance Law § 5102 (d). In opposition to the motion for summary judgment, the plaintiff submitted her own affidavit in which she complained of persistent pain and limitations of mobility in her neck and back. Her claims are supported by medical evidence in the record including an affidavit from her treating physician who expressed the opinion that, as a result of the accident, the plaintiff suffers from a "significant partial limitation of use of her cervical lumbar spine", a condition he described as a permanent disability *(see, Bates v Peeples,* 171 AD2d 635; *Spezia v De Marco,* 173 AD2d 462; *Morsellino v Frankel,* 161 AD2d 748). The medical opinion expressed by the plaintiff's physician was not based solely upon subjective complaints, but was purportedly premised upon objectively measured and quantified injuries sufficiently serious to meet the threshold required under the statute *(see, Conde v Eric Serv. Corp.,* 158 AD2d 651). Thus, even if the defendants' submission had been in admissible form, the plaintiff's medical evidence was sufficient to raise a triable issue of fact *(Pagano v Kingsbury, supra).* Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.