█ IAN SCHAEFER, Respondent, v CHARLES PIERCE et al., Appellants. [613 NYS2d 53] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated August 26, 1992, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The unsworn letter reports of the examining physician and chiropractor relied upon by the plaintiff in opposing the defendants' motion were insufficient to raise triable issues of fact *(see also, Pagano v Kingsbury,* 182 AD2d 268; *Tatti v Cummings,* 193 AD2d 596). In any event, although both of these reports conclude that the plaintiff suffered soft tissue back injuries, neither indicates the expected duration of the plaintiff's symptoms *(see, Harrel v Miles,* 198 AD2d 400). On the contrary, the chiropractor who examined the plaintiff some six months after the accident found that he exhibited a full range of motion without limitation. The only admissible evidence offered by the plaintiff in his own affidavit, is likewise unavailing. The plaintiff's self-serving claims of incapacitation following the accident were clearly tailored to meet the statutory requirements *(see,* Insurance Law § 5102 [d]; *Dubois v Simpson,* 182 AD2d 993, 994), and were belied by his own admission that he had returned to work 10 weeks later *(see, Georgia v Ramautar,* 180 AD2d 713, 714). In any event, the plaintiff's failure to submit a physician's affidavit substantiating the existence of a medically determined injury is fatal to

his claim of temporary incapacitation under the statute *(see, Traugott v Konig,* 184 AD2d 765). Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.