■ MICHAEL DeMARCHI, Respondent, v DOLORES L. MARTINEZ et al., Appellants. [638 NYS2d 914] —In a negligence action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated January 11, 1995, as granted that branch of the plaintiff's motion which was for summary judgment on the ground that he had sustained a serious injury as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the ground that he had sustained a serious injury as defined by Insurance Law § 5102 (d) is denied.

Contrary to the Supreme Court's determination, the plaintiff failed to establish, as a matter of law, that he had suffered a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). We further conclude that the evidence submitted by the defendants raised a triable issue of fact *(see,* CPLR 3212 [b]) as to whether the plaintiff's inability to perform his usual job duties for "not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury" (Insurance Law § 5102 [d]) resulted entirely from

an earlier on-the-job accident which occurred on November 5, 1992. Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.