■ MMDUH NASSAN AGHA, Appellant, v ALAMO RENT A CAR et al., Respondents. [827 NYS2d 261]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated April 5, 2005, as denied his motion for summary judgment on the complaint insofar as asserted against the defendants Miad M. Jubran and Karim Mounir and granted the cross motion of the defendants Alamo Rent A Car and Karim Mounir, and the separate cross motion of defendants Jaber Jubran and Miad M. Jubran, for summary judgment dismissing the complaint insofar as asserted against them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motions for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and substituting therefor a provision denying the cross motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff failed to make a prima facie showing on his motion for summary judgment that he sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, as he was required to do in order to prevail (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *see also DeMarchi v Martinez*, 224 AD2d 651 [1996]). Although a fracture constitutes a serious injury within the meaning of the statute (*see* Insurance Law § 5102 [d]), the affirmation of the plaintiff's treating physician noting fractures in the plaintiff's cervical spine was insufficient

to satisfy the plaintiff's obligation on the motion because it was submitted for the first time in reply (*see Hoyte v Epstein*, 12 AD3d 487, 488 [2004]; *Mu Ying Zhu v Zhi Rong Lin*, 1 AD3d 416, 417 [2003]) and, in any event, did not explain the physician's failure to note the alleged fracture during the two years in which the physician treated the plaintiff prior to the date of the affirmation (*see Petinrin v Levering*, 17 AD3d 173, 174 [2005]; *Broderick v Spaeth*, 241 AD2d 898, 900-901 [1997]). Since the plaintiff failed to establish prima facie entitlement to judgment as a matter of law, we need not address the sufficiency of the opposition papers of the defendants Miad M. Jubran and Karim Mounir (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

The Supreme Court, however, erred in granting the cross motions for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The report of the plaintiff's treating chiropractor, who examined the plaintiff several days after the subject accident, established limitations in the plaintiff's thoracolumbar spine range of motion and the report of the plaintiff's treating physician noted fractures in the plaintiff's cervical spine. The defendants' submission of these documents precluded a finding that they were entitled to judgment dismissing the complaint as a matter of law (*see Lesane v Tejada*, 15 AD3d 358 [2005]; *Kolios v Znack*, 237 AD2d 333 [1997]; *Mendola v Demetres*, 212 AD2d 515 [1995]). Since the defendants failed to satisfy their burden in support of the motion, we need not address the sufficiency of the plaintiff's papers submitted in opposition (*see Coscia v 938 Trading Corp., supra*). Miller, J.P., Krausman, Spolzino, Fisher and Dillon, JJ., concur.