OPINION OF THE COURT
Henry F. Zwack, J.
*708 In this motor vehicle accident case, defendant moves for summary judgment. Plaintiff opposes the motion.
On December 9, 2002, the parties collided in their respective vehicles on 8th Street and Jacob Street in the City of Troy.
Defendant now moves for summary judgment on the basis that plaintiff failed to sustain a serious injury as defined by Insurance Law § 5102 (d). Plaintiffs bill of particulars lists “loss of the unborn child of the plaintiff’ as the basis for plaintiffs alleged serious injury. Defendant relies upon plaintiffs testimony at her deposition wherein she testified that she was told by a physician’s assistant that the motor vehicle accident was not the cause of her miscarriage. Defendant submits an affirmed report from a doctor who avers that it is his opinion “to within a reasonable degree of medical certainty that the motor vehicle accident was not the [causality] of this early pregnancy loss.” The doctor also notes his medical opinion that “[f]rom conception to 6 weeks gestation, the pregnancy is in the embryonic stage and the product of conception is an embryo and not a fetus.” He notes his opinion that plaintiff was “no more than 1 week pregnant.”
In opposition to the motion, plaintiff argues that, as a matter of law, a pregnancy of any duration constitutes a “fetus” as the term is used in the Insurance Law’s no-fault statute. Plaintiff also submits that a triable question of fact is raised by plaintiffs submission of an affidavit of plaintiffs treating doctor, who avers that based upon a reasonable degree of medical probability, the subject motor vehicle accident was the cause of plaintiffs miscarriage.
In reply, defendant notes that plaintiffs doctor’s affidavit did not respond to or contradict defendant’s doctor on the issue of whether a one-week pregnancy would be termed an “embryo” or a “fetus.” Defendant also argued that there did not appear to be a dispute regarding the fact that plaintiff was approximately one-week pregnant at the time of the accident and that medical and dictionary definitions of the term “fetus” do not include a pregnancy of one week. Defendant notes that a medical dictionary defines the term “fetus” as “from the third month to birth,” Webster’s dictionary defines the term as “usually two months after conception to birth” and an “Expectant mother’s guide,” cited in plaintiffs opposition papers, states that “by the 10th week, the embryo is known as a fetus.” Defendant argues that therefore the plain meaning of the statutory language mandates a finding that plaintiff did not sustain a “loss of a fetus.”
*709 In surreply, plaintiff argues that the rules of statutory construction require that the intent of the Legislature be given priority over medical definitions and dictionary definitions because the term “fetus” is a word of technical or special meaning.
Oral argument was held on January 20, 2009. At the appearance, plaintiffs counsel stipulated to the fact that plaintiff was less than six weeks’ pregnant. Defendant’s counsel acknowledged that medical definitions of the term “fetus” appear to range from 6 to 12 weeks of gestation.
Summary judgment is a drastic remedy which should not be granted unless it is clear that there are no triable issues of fact (Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The focus should be on issue identification rather than issue determination (Sternbach v Cornell Univ., 162 AD2d 922, 923 [3d Dept 1990]). “[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact” (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see also Ayotte v Gervasio, 81 NY2d 1062 [1993]; Zuckerman v City of New York, 49 NY2d 557 [1980]). Once the movant has established a right to judgment as a matter of law, the burden shifts to the opponent of the motion to establish, by admissible proof, the existence of genuine issues of material fact (see Alvarez, supra; Zuckerman, supra). The evidence must be viewed in the light most favorable to the party opposing the motion, giving that party the benefit of every reasonable inference, in order to determine whether there is any triable issue of fact outstanding (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]; Boyce v Vazquez, 249 AD2d 724, 725 [3d Dept 1998]).
In New York State, a party alleging negligence in a motor vehicle accident may only recover damages for pain and suffering if they have suffered a “serious injury” pursuant to Insurance Law § 5102 (d) (see Insurance Law § 5104 [a]; Pommells v Perez, 4 NY3d 566 [2005]). A serious injury is defined as follows:
“[A] personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impair *710 ment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person’s usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.” (Insurance Law § 5102 [d].)
A defendant seeking summary judgment asserting that plaintiff failed to meet the serious injury threshold has the initial burden of presenting evidence in admissible form establishing that plaintiff did not suffer a serious injury causally related to the accident in question (Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; Hayes v Johnston, 17 AD3d 853, 853-854 [3d Dept 2005]; Santos v Marcellino, 297 AD2d 440, 441 [3d Dept 2002]). To meet this burden, defendant may submit plaintiff’s own deposition testimony and defendant’s own examining doctor’s affirmed report (Moore v Edison, 25 AD3d 672 [2d Dept 2006]; Farozes v Kamran, 22 AD3d 458, 458 [2d Dept 2005]; McNamara v Wood, 19 AD3d 921, 922 [3d Dept 2005]). Once a defendant has met his/her burden, the burden shifts to the plaintiff “to come forward with sufficient evidence to overcome defendant’s motion by demonstrating that she sustained a serious injury within the meaning of the No-Fault Insurance Law” (Gaddy, 79 NY2d at 957; see also Farozes, 22 AD3d 458 [2005]).
First, the court notes that while defendant established a prima facie entitlement to judgment as a matter of law on the issue of whether the motor vehicle accident caused plaintiff’s loss of pregnancy, plaintiff then raised a triable question of fact in this regard. Plaintiff set forth an affidavit from her treating doctor which disputed defendant’s proof that the motor vehicle accident was not the cause of the loss of pregnancy. This branch of the motion is therefore denied in light of the triable issue of fact raised by plaintiffs opposition papers.
This motion also presents a question of statutory construction and the court notes that its primary consideration must be “to ascertain and give effect to the intention of the Legislature” (McKinney’s Cons Laws of NY, Book 1, Statutes § 92). “The legislative intent is to be ascertained from the words and language used, and the statutory language is generally construed according to its natural and most obvious sense, without resorting to an artificial or forced construction” (Statutes § 94). “A basic consideration in the interpretation of a statute is the gen *711 eral spirit and purpose underlying its enactment, and that construction is to be preferred which furthers the object, spirit and purpose of the statute” (Statutes § 96). “The words and phrases used in a statute should be given the meaning intended by lawmakers” (Statutes § 230). “Dictionary definitions may be useful as guideposts in determining the sense with which a word was used in a statute, but they are not controlling” (Statutes § 234). “When a word is susceptible of two or more significations, the meaning to be given must be determined from the context of the statute, the purpose and spirit of it, and the intention of the lawmakers” (Statutes § 235).
Regarding the question of whether a one-week pregnancy constitutes a “loss of a fetus” within the meaning of the Insurance Law’s serious injury definition (Insurance Law § 5102 [d]), this court finds that it does, pursuant to the rules of statutory construction. In coming to this conclusion, the court finds that the term “fetus” is a word of technical or special meaning. The rules of statutory construction state as follows: “Words of technical or special meaning are construed according to their technical sense, in the absence of anything to indicate a contrary legislative intent” (Statutes § 233). The court finds that the legislative intent appears to indicate an intent to include a pregnancy of any duration. The memorandum in support of the legislation discusses a court opinion which dismissed the case of a woman who was nine months pregnant when she was in a motor vehicle accident and delivered a stillborn baby due to the accident. However, the Legislature does not engage in any discussion of the definition of the term “fetus,” and there is also a reference to the phrase “termination of . . . pregnancy.” (Mem of Senator Martin S. Auer in support of L 1984, ch 143, 1984 NY Legis Ann, at 89.) This court has weighed heavily the fact that the Legislature referred to “pregnancy” and also the fact that the Legislature did not make any clear reference that indicated an intent to limit the statute’s application to pregnancies of a certain duration (id.). The memorandum in support of the legislation states in relevant part as follows:
“A major objective of New York’s no fault insurance law was to alleviate litigation by limiting recovery for damages for non-economic loss to instances of serious injury. Since the courts have interpreted the loss of a fetus not to be a serious injury, this legislation is necessary to clarify the statute. A woman who is involved in an automobile accident that *712 results in the termination of her pregnancy has suffered a serious injury and should have the right to recover from a negligent operator for her non-economic loss. She should not be subjected to an inequitable law that is inconsistent with the original intent of the no fault insurance law.” (Id.)
The court also notes that the term “fetus” does not have a clear common meaning or a clear definition within the medical community. This further supports a finding that the Legislature did not intend to limit the term to a pregnancy of a certain duration.
The fact that plaintiffs doctor did not oppose the motion by setting forth his opinion of the definition of the term “fetus” is of no moment. The court’s inquiry into the statutory construction may take medical definitions into account, but the nature of this inquiry is not one that is determined by medical experts of the parties. The court is required to determine the legislative intent behind the use of the term “fetus” in the statute and to determine whether a one-week pregnancy falls within that definition as a matter of law.
Based upon the foregoing, the court finds that the intent of the Legislature relating to Insurance Law § 5102 (d) was to include pregnancies of any duration within the meaning of the phrase “loss of a fetus.”
Accordingly, it is ordered, defendant’s motion for summary judgment is denied.