■ Jose Tomas Perez, Appellant, v Lamont E. Johnson et al., Respondents. [898 NYS2d 655]—

In an action to recover damages for personal injuries and property damage, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered September 26, 2008, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Lamont E. Johnson on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Lamont E. Johnson on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

On March 15, 2006, at the intersection of Greenwich Street

and Jerusalem Avenue in Hempstead, an automobile owned and driven by the plaintiff collided with an automobile leased by the defendant Lamont E. Johnson. The accident allegedly resulted in injuries to the plaintiff and damage to his automobile. The plaintiff commenced this action against Johnson and the lessor of the car driven by Johnson. After issue was joined, the defendants moved for summary judgment dismissing the complaint, inter alia, on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court granted the motion. The plaintiff appeals from so much of the Supreme Court's order as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Johnson. We reverse.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]). The motion papers failed to adequately address the plaintiff's claim, clearly set forth in his bill of particulars, that he sustained a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Alvarez v Dematas*, 65 AD3d 598, 599 [2009]). In that bill of particulars, the plaintiff alleged that he was incapacitated from his employment as a landscaper for six months following the accident. Notably, the affirmed medical report prepared by the defendants' medical expert failed to relate his findings to this category of serious injury for the period of time immediately following the accident (*id.* at 599-600). Inasmuch as the defendants failed to meet their prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437, 438 [1996]). Fisher, J.P., Dillon, Dickerson and Belen, JJ., concur. **[Prior Case History: 2008 NY Slip Op 32662(U).]**