In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Nelson, J.), entered November 6, 2009, which granted the defendants’ motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.
On August 16, 2007, while traveling northbound on Third Avenue in the vicinity of East 45th Street in Manhattan, the plaintiff, who was driving a taxicab owned by a nonparty entity, collided with a taxicab driven by the defendant Saifu Chowdhury and owned by the defendant Maheer Taxi, Inc. (hereinafter Maheer). As a result of this accident, the plaintiff allegedly sustained injuries to his right knee, shoulders, neck, and back. The plaintiff underwent surgery on his right knee in May 2008.
The plaintiff commenced this action against Chowdhury and Maheer. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court granted the motion, and the plaintiff appeals.
Contrary to the determination of the Supreme Court, the defendants did not meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; Daly-Caffrey v Licausi, 70 AD3d 884, 885 [2010]; McMillian v Naparano, 61 AD3d 943 [2009]; see also Burrowes v New York City Tr. Auth., 71 AD3d 714 [2010]).
In light of the defendants’ failure to meet their prima facie burden, we need not address the sufficiency of the plaintiffs papers submitted in opposition to the defendants’ motion (see Perez v Johnson, 72 AD3d 777 [2010]; Safer v Silbersweig, 70 AD3d 921 [2010]). Skelos, J.E, Miller, Eng, Hall and Austin, JJ., concur.