(May 6, 1996)

█Francis Akujuo et al., Appellants, v USA Truck et al., Respondents. [641 NYS2d 894] —In a negligence action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Milano, J.), dated January 31, 1995, which granted the defendants' motion to dismiss the complaint based on the plaintiffs' failure to establish "serious injury" as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

It is well established that "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case * * * Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; see, Fox v Wyeth Labs., 129 AD2d 611; Raia Indus. v Young, 124 AD2d 722).

In the instant case, the evidence submitted by the defendants in support of their motion did not make out a prima facie case that neither of the plaintiffs had sustained a serious injury as defined by Insurance Law § 5102 (d).

The plaintiffs' bill of particulars alleged that the plaintiff Francis Akujuo had sustained, inter alia, "[s]ignificant functional impairment regarding the injuries to the neck, low back and left knee", "[a] marked disability", "permanent injuries * * * involving both the cervical and lumbosacral areas", and "[s]ignificant limitation of use of the neck, the thoracolumbosacral spine and both hip joints with depression and inability to function normally". The bill of particulars further indicated that "permanent injury involving the left knee has not yet been ruled out".

The plaintiff Charity Akujuo allegedly sustained, inter alia, "[s]ignificant functional impairment regarding the neck, right knee and low back", "permanent injuries * * * involving both the cervical and lumbosacral regions", and "permanent damage to the articular surface of the patellofemoral joint". It was further alleged that the "[p]laintiff's injuries are permanent and she has suffered permanent and partial disability with significant limitation of use of the lower back".

The defendants' motion papers were supported only by the

affirmation of an attorney who argued that the plaintiffs' deposition testimony showed that they had missed a few weeks of work. The defendants failed to present any medical evidence concerning the plaintiffs' allegations of serious injury. Under the circumstances, the defendants' failure to submit any medical evidence to refute the claims of serious injury required denial of their motion regardless of the sufficiency or credibility of the doctor's affidavit submitted in opposition by the plaintiffs (*see, Sansalone v Regan,* 212 AD2d 771; *Marsh v Wolfson,* 186 AD2d 115; *Hayes v Riccardi,* 97 AD2d 954). Balletta, J. P., O'Brien and Pizzuto, JJ., concur.

Ritter and Altman, JJ., dissent and vote to affirm the order appealed from with the following memorandum: The only competent evidence which the plaintiffs submitted in opposition to the motion (*see, Pagano v Kingsbury,* 182 AD2d 268) were the affidavits sworn to by Dr. Philip Taylor. Although Dr. Taylor indicated therein that each of the plaintiffs "suffered injuries resulting in a permanent limitation of a use of body functions or systems", the affidavits failed to provide objective evidence of the extent or degree of the limitation (*see, Beckett v Conte,* 176 AD2d 774; *Petrone v Thornton,* 166 AD2d 513). We note that the issue raised by the majority, i.e., whether the defendants made out a prima facie case in support of their motion, was never raised by the plaintiffs at the Supreme Court and, therefore, is not properly preserved for our review.