■ BRUCE C. MUSTELLO et al., Appellants, v SUSAN C. SZCZEPANSKI, Respondent. [667 NYS2d 63] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated April 1, 1997, which denied their motion for partial summary judgment on the issue of whether the plaintiff Bruce Mustello suffered a serious injury as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for partial summary judgment is granted.

Upon our review of the record, we find that the plaintiffs sustained their burden of demonstrating, through the submission of proof in admissible form, that the plaintiff Bruce C. Mustello sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955, 956; *Licari v Elliott,* 57 NY2d 230, 237). The plaintiffs' submissions in support of their motion included a physician's affirmation which revealed that the injured plaintiff had suffered an acute posttraumatic subluxation of the cervical spine, necessitating a surgical fusion that had left his head and neck "virtually frozen in the neutral position". This evidence was sufficient to establish a prima facie case that the injured plaintiff suffered a sig-

nificant limitation of use of a body function or system (*see,* Insurance Law § 5102 [d]); *see also, Lopez v Senatore,* 65 NY2d 1017, 1019; *Huggins v Daniels,* 237 AD2d 491; *Mendola v Demetres,* 212 AD2d 515).

Furthermore, the affirmation of the defendant's attorney, which suggested that the injured plaintiff's surgery was necessitated by a cogenital abnormality, was insufficient to raise an issue of fact to refute the plaintiffs' prima facie showing that the surgery was required due to injuries Bruce C. Mustello suffered in the automobile accident (*see, Akujuo v USA Truck,* 227 AD2d 360, 361). Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.