■ Thomas J. Mc Gough, Respondent, v Truco Engine, Inc., et al., Appellants. [765 NYS2d 571] —Appeal from that part of an order of Supreme Court, Erie County (Glownia, J.), entered November 12, 2002, granting that part of plaintiff's motion for summary judgment seeking a determination that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied in part in accordance with the following memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained when the vehicle that he was driving was rear-ended by a vehicle driven by defendant Andrew O'Connor and owned by defendant Truco Engine, Inc. Plaintiff moved for summary judgment seeking a determination that defendants are liable, that plaintiff's injuries were sustained in the accident, and that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). Although Supreme Court granted plaintiff's motion in its entirety, defendants' only contention on appeal is that the court erred in granting that part of the motion seeking a determination that plaintiff sustained a serious injury. We agree.

With respect to the category of permanent loss of use of a body organ, member, function or system, plaintiff failed to meet his initial burden of establishing that he sustained the requisite total loss of use of his cervical spine and lumbar spine (*see Oberly v Bangs Ambulance*, 96 NY2d 295, 299 [2001]).

With respect to the categories of permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system, we conclude that, plaintiff, as the moving party, met his initial burden of establishing his entitlement to judgment as a matter of law. However, defendants raised issues of fact sufficient to defeat that part of plaintiff's motion. According to defendants' submissions in opposition to the motion, plaintiff did not sustain disc herniations as a result of the accident but, rather, had significant cervical and lumbar disc disease prior to the accident that, at most, was exacerbated by the accident. Defendants' experts further opined that, in any event, the exacerbation caused only a mild or minimal disability (*see Toure v Avis Rent a Car Sys.*, 98 NY2d 345, 353 [2002]; *Calucci v Baker*, 299 AD2d 897 [2002]).

Finally, assuming, arguendo, that plaintiff met his initial burden with respect to the remaining category of serious injury alleged, i.e., the 90/180 category, we conclude that defendants raised a triable issue of fact on that issue (*see Dabiere v Yager*, 297 AD2d 831, 833 [2002]). Present—Pigott, Jr., P.J., Green, Pine, Scudder and Hayes, JJ.