JAMIE G. SLISZ, Respondent, v MARGARET L. MIGA, Appellant. (Appeal No. 1.) [789 NYS2d 775]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered January 8, 2004. The order granted in part plaintiff's motion for partial summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that said appeal insofar as it concerns the cross motion be and the same hereby is unanimously dismissed and the order is modified on the law by denying the motion in its entirety and as modified the order is affirmed without costs.

Memorandum: In appeal No. 1, plaintiff appeals and defendant cross-appeals from an order granting that part of plaintiff's motion seeking partial summary judgment on the issue of negligence and granting defendant's cross motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). In appeal No. 2, plaintiff appeals from an order granting his motion for leave to reargue defendant's cross motion for summary judgment dismissing the complaint but, upon reargument, adhering to the prior decision. We therefore dismiss plaintiff's appeal from the order in appeal No. 1 insofar as it concerns defendant's cross motion (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985 [1990]).

Addressing first plaintiff's appeal from the order in appeal No. 2, we conclude that Supreme Court erred in granting defendant's cross motion with respect to the 90/180 category of serious injury. Defendant's own submissions in support of the cross motion contained conflicting medical evidence on the issue whether plaintiff sustained a serious injury under the 90/180 category (*see Green v Ross*, 6 AD3d 1199, 1200 [2004]). Defendant submitted reports of plaintiff's treating physician indicating that, although plaintiff was supposed to return to work, he had "a severe flare[-]up of low back pain" and was not able to return to work until more than three months after the accident. We therefore modify the order in appeal No. 2 accordingly.

Contrary to plaintiff's further contention in appeal No. 2, however, we conclude that the court properly granted defendant's cross motion with respect to the permanent consequential

limitation of use and significant limitation of use categories of serious injury. In support of the cross motion, defendant submitted the affirmation and attached report of her examining physician establishing that plaintiff did not sustain a serious injury under either of those categories as a result of the accident, and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We similarly conclude that defendant established her entitlement to summary judgment with respect to the permanent loss of use category of serious injury, and plaintiff failed to raise an issue of fact. "[O]nly a total loss of use is compensable under the 'permanent loss of use' exception to the no-fault remedy" (*Oberly v Bangs Ambulance*, 96 NY2d 295, 297 [2001]), and no evidence was submitted that plaintiff sustained the requisite total loss of use of his lumbar spine (*see Moore v Raza*, 4 AD3d 843 [2004]; *McGough v Truco Engine*, 309 AD2d 1298 [2003]). The conclusory statement of plaintiff's treating physician that plaintiff is "totally disabled" is insufficient to raise an issue of fact (*see generally Clark v City of Lockport*, 280 AD2d 901, 902 [2001], *lv dismissed in part and denied in part* 96 NY2d 932 [2001]).

We conclude with respect to appeal No. 1 that, although plaintiff met his initial burden on that part of his motion seeking partial summary judgment on the issue of negligence, defendant raised issues of fact with respect to the number of northbound lanes in the area of the accident and whether plaintiff was negligent in passing stopped cars while traveling in the curb lane, traveling as fast as 30 miles per hour (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). We therefore modify the order in appeal No. 1 by denying plaintiff's motion in its entirety. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Lawton, JJ.