■ LISA FORTINO et al., Appellants-Respondents, v FAYETTEVILLE-MANLIUS CENTRAL SCHOOL DISTRICT et al., Respondents-Appellants. [791 NYS2d 245]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered December 22, 2003. The order granted in part and denied in part defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff Lisa Fortino did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the motion with respect to the 90/180 category of serious injury within the meaning of Insurance Law § 5102 (d) and reinstating the complaint with respect to that category of serious injury and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Lisa Fortino (plaintiff) when the vehicle that she was driving was struck by a school bus driven by defendant F. Beecher Graham. Supreme Court erred in determining as a matter of law that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) under the 90/180 category of serious injury. Plaintiff submitted objective medical evidence establishing that she

sustained "a medically determined injury or impairment of a non-permanent nature" that prevented her from performing substantially all of the material acts that constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (Insurance Law § 5102 [d]; *see generally Nitti v Clerrico*, 98 NY2d 345, 357-358 [2002]). The court determined that the physical therapy records of plaintiff "reveal that she was planting flowers as early as March 1, 2001, was doing yard work on May 20, 2001, swimming on June 19, 2001 and housecleaning on June 27, 2001." However, 90 days from the date of the accident is June 11, 2001. Consequently, any activity on June 19 and 27, 2001 cannot defeat a claim under the 90/180 category of serious injury. The physical therapy notes regarding the gardening and yard work reveal that the activities caused plaintiff increased pain, and thus are insufficient to establish as a matter of law that plaintiff was able to perform substantially all of her daily activities (*see Slisz v Miga,* 15 AD3d 953 [2005]). We therefore modify the order by denying that part of defendants' motion with respect to the 90/180 category of serious injury within the meaning of Insurance Law § 5102 (d) and reinstating the complaint with respect to that category of serious injury. Present—Hurlbutt, J.P., Smith, Pine, Lawton and Hayes, JJ.