■ DANIEL L. ELLITHORPE, Respondent, v JOHN A. MARION et al., Appellants. (Appeal No. 1.) [823 NYS2d 724]—Appeal from an order of the Supreme Court, Onondaga County (William R. Roy, J.), entered April 27, 2005 in a personal injury action. The order granted plaintiff's motion for partial summary judgment on the issues of negligence and serious injury.

Appeal from an order of the Supreme Court, Onondaga County (William R. Roy, J.), entered November 16, 2005 in a personal injury action. The order granted defendants' motion for leave to renew and, upon renewal, adhered to the court's prior determination.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by providing that plaintiff's motion is granted with respect to the permanent consequential limitation of use of a body organ or member, significant limitation of use of a body function or system, and 90/180 categories of serious injury within the meaning of Insurance Law § 5102 (d) and with respect to causation of those injuries and by providing that a trial shall be held on damages only and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced the instant action seek-

ing damages for injuries he allegedly sustained in a motor vehicle accident wherein his vehicle collided with a vehicle driven by John A. Marion (defendant) and owned by defendant's wife, defendant Cecilia M. Marion. Plaintiff's complaint, as amplified by the bill of particulars, alleges that plaintiff sustained a serious injury under the permanent loss of use, permanent consequential limitation of use, significant limitation of use, and 90/180 categories of serious injury. Supreme Court granted plaintiff's motion seeking summary judgment on liability insofar as it determined "that liability for the accident is solely upon the defendants" and, without specifying the statutory category, that plaintiff "sustained a serious injury in the accident." The court nevertheless ordered that a trial be held to determine not only damages but also "the proximate cause of plaintiff's injuries." Defendants contend that the court erred in determining that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident.

We conclude that plaintiff failed to establish that he had a total loss of a body function, and therefore that he failed to establish his entitlement to judgment with respect to the permanent loss of use category (*see Oberly v Bangs Ambulance*, 96 NY2d 295, 299 [2001]). We further conclude, however, that plaintiff established his entitlement to judgment with respect to the remaining three categories of serious injury and that defendants failed to raise an issue of fact sufficient to defeat the motion. Indeed, we note that defendants' examining physician concurred with the findings of plaintiff's treating neurosurgeon that plaintiff's injuries are causally related to the accident and that surgical intervention is appropriate. We therefore modify the order accordingly.

With respect to the permanent consequential limitation of use and significant limitation of use categories, plaintiff's deposition testimony establishes that, despite a history of weightlifting and a prior work-related accident, plaintiff did not have back pain prior to the accident. He testified that, although he eventually returned to work as a personal trainer after the accident, he was unable to perform necessary duties, and was therefore terminated from his employment. The affidavit of plaintiff's treating neurosurgeon, which is supported by various reports he made to other physicians treating plaintiff, various MRI reports, and postoperative reports from discography and intradiscal electrothermal therapy (IDET), establishes that the 26-year-old plaintiff sustained a herniated disc at L4-5 with an annular tear to the posterior annulus and a bulging disc at L5-S1 with a posterior tear. Although we recognize that proof of a herniated

disc is not alone sufficient to establish a serious injury (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]), here postoperative reports confirmed the discogenic pain at L4-5 and L5-S1, and the failure of the IDET to relieve the discogenic pain. In his affidavit, plaintiff's treating neurosurgeon states that plaintiff is unable to work as a result of his injuries and that the injuries are causally related to the motor vehicle accident and are not attributable to plaintiff's past medical history (*cf. Franchini v Palmieri*, 1 NY3d 536 [2003]). Plaintiff's treating neurosurgeon recommends surgical intervention to replace the discs at L4-5 and L5-S1 with artificial discs, a procedure recently approved by the FDA.

In addition to the report of defendants' examining physician that concurred with findings made by plaintiff's treating neurosurgeon (*see generally Zeigler v Ramadhan*, 5 AD3d 1080, 1081 [2004]), defendants also submitted the report of their subsequent examining physician wherein he stated that he could not determine whether the condition of plaintiff was "just as likely . . . due to his confounding variables as it is due to the motor vehicle accident." Contrary to the contention of defendants, the report of their subsequent examining physician is equivocal, and therefore insufficient to raise an issue of fact with respect to whether plaintiff sustained a serious injury as a result of the accident (*cf. Carrasco v Mendez*, 4 NY3d 566, 579 [2005]; *see generally Brown v Dunlap*, 4 NY3d 566, 577-578 [2005]).

With respect to the 90/180 category, plaintiff met his initial burden on the motion by providing objective evidence of a medically determined injury and establishing that his injuries prevented him from performing substantially all of the material acts that constituted his usual and customary daily activities for at least 90 of the 180 days immediately following the accident (*cf. Nitti v Clerrico*, 98 NY2d 345, 357; *see generally Leahey v Fitzgerald*, 1 AD3d 924, 926 [2003]), and defendants failed to raise an issue of fact sufficient to defeat the motion. Present—Hurlbutt, J.P., Scudder, Gorski and Green, JJ.