■ JOHN S. LaFORTE, et al., Respondents, v DOUGLAS TIEDEMANN, Appellant. [837 NYS2d 457]—

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered May 22, 2006. The order and judgment, entered upon a jury verdict, awarded judgment in the amount of $208,945 in favor of plaintiffs and against defendant.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by John S. LaForte (plaintiff) when the vehicle he was driving was rear-ended by a vehicle driven by defendant. Supreme Court properly granted plaintiffs' pretrial motion seeking partial summary judgment determining that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiffs submitted objective evidence that plaintiff suffered a disc herniation at L2-L3 and an annular tear at L5-S1, and they submitted the qualitative assessment of plaintiff's treating orthopedic surgeon, "who concluded that plaintiff's injury was significant, permanent, and causally related to the accident" (*Vitez v Shelton*, 6 AD3d 1180, 1182 [2004]; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]). Defendant failed to raise an issue of fact to defeat plaintiffs' motion inasmuch as his medical expert conceded that plaintiff's injuries may have resulted from the accident and may have aggravated a preexisting condition (*see generally Wojcik v Kent*, 21 AD3d 1410, 1412 [2005]).

Defendant stipulated that he was negligent and that his negligence was a proximate cause of the accident, and thus the trial was limited to the issue of damages. Contrary to defendant's contention, the court properly refused to preclude plaintiffs from testifying concerning plaintiff's use of antidepressant medications. Although defendant sought to preclude the testimony on the ground that it varied from plaintiffs' bill of particulars, we conclude that the testimony was properly admitted because it neither misled nor prejudiced defendant (*see Sharkey v Locust Val. Mar.*, 96 AD2d 1093, 1094 [1983], *appeal dismissed* 61 NY2d 669 [1983]). The court also properly allowed plaintiff's treating orthopedic surgeon to testify that he had relied on the reports of nontestifying physicians, inasmuch as "those out-of-court materials are of the kind generally accepted as reliable by experts in the medical profession" (*Fleiss v South Buffalo Ry. Co.*, 291 AD2d 848, 849 [2002]). Contrary to defendant's further contention, the court properly refused to give a missing witness charge with respect to plaintiff's primary care physician on the ground that the testimony of that physi-

cian would have been cumulative of the testimony of plaintiff's other treating physicians (*see Stevens v Brown,* 249 AD2d 909, 910 [1998]; *cf. Dukes v Rotem,* 191 AD2d 35, 39 [1993], *appeal dismissed* 82 NY2d 886 [1993]).

Also contrary to defendant's contention, the court properly granted that part of plaintiffs' posttrial motion seeking to set aside the verdict insofar as it awarded no damages for future pain and suffering and granted a new trial on the issue of damages for future pain and suffering unless defendant stipulated to an award for such damages in the amount of $125,000. "By awarding damages for future medical expenses and loss of earnings, the jury must have also accepted the testimony of plaintiff's medical witnesses that plaintiff is . . . disabled and in need of future medical treatment as the result of injuries that continue to cause pain and limit his physical activity. Thus, the determination that plaintiff has no compensable future pain and suffering is 'inconsistent and otherwise against the weight of the evidence' " (*Corsaro v Mt. Calvary Cemetery,* 258 AD2d 969, 969 [1999]). The court also properly denied that part of defendant's cross motion seeking to vacate the damages awarded for past and future medical expenses on the ground that there was no adequate foundation for those damages (*cf. Strangio v New York Power Auth.* [appeal No. 2], 275 AD2d 945, 946 [2000]). We have reviewed defendant's remaining contentions and conclude that none requires reversal or modification of the order and judgment. Present—Scudder, P.J., Gorski, Martoche, Smith and Green, JJ.