TAMMY R. CHRISTIE, Appellant, v JOANN COADY et al., Respondents. (Appeal No. 1.) [869 NYS2d 817]

Present—Smith, J.P., Centra, Lunn, Fahey and Green, JJ.

TAMMY R. CHRISTIE, Appellant, v JOANN COADY et al., Respondents. (Appeal No. 2.) [870 NYS2d 690]—

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when her vehicle was rear-ended by a vehicle driven by defendant Sheila C. Gilcrist and owned by defendant Joann Coady. According to plaintiff, she sustained serious injuries to her lumbar spine as a result of the motor vehicle accident, and she eventually required a lumbar discectomy and fusion at L4-5 and L5-S1. Supreme Court granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiff thereafter moved for leave to renew her opposition to the motion and, upon granting leave to renew, the court adhered to its prior decision. Contrary to plaintiff's contention, the court properly adhered to its prior decision with respect to the 90/180 category of serious injury. Defendants established their entitlement to judgment as a matter of law with respect to that category and, in opposition to the motion, plaintiff failed "to submit the requisite objective evidence of 'a medically determined injury or impairment of a non-permanent nature' . . . and to establish that the injury caused the alleged limitations on plaintiff's daily activities" sufficient to raise a triable issue of fact (*Calucci v Baker*, 299 AD2d 897, 898 [2002]).

We agree with plaintiff, however, that the court upon renewal erred in adhering to its prior decision with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury, and we therefore modify the order accordingly. Although defendants met their initial burden with respect to those categories of serious injury, plaintiff raised triable issues of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Upon renewal of her opposition to the motion, plaintiff submitted the affidavit of her treating neurologist, who conducted two surgical procedures after the court previously had granted defendants' motion. The neurologist described her disc herniation and "the necessity of surgical intervention to alleviate the . . . condition" (*Evans v Mendola*, 32 AD3d 1231, 1233 [2006]; *see Ellithorpe v Marion* [appeal No. 2], 34 AD3d 1195, 1196-1197 [2006]; *Mustello v Szczepanski*, 245 AD2d 553 [1997]; *see also Chmiel v Figueroa*, 53 AD3d 1092 [2008]), as well as the permanency of her condition and the resulting limitations on her range of motion.

In light of our determination, we need not consider plaintiff's

remaining contentions. Present—Smith, J.P., Centra, Lunn, Fahey and Green, JJ.