(August 28, 2009)

■ Patrick McHugh, Appellant, v A.J. Marfoglia et al., Respondents. [885 NYS2d 550]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered October 29, 2008 in a personal injury action. The order denied the motion of plaintiff seeking partial summary judgment and seeking to dismiss the fourth affirmative defense.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the fourth affirmative defense is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when the vehicle he was driving was rear-ended by a vehicle driven by defendant Arica L. Marfoglia and owned by defendant A.J. Marfoglia. We agree with plaintiff that Supreme Court erred in denying plaintiff's motion seeking partial summary judgment on the threshold issue whether he sustained a serious injury as a result of the accident under the permanent consequential limitation of use and

significant limitation of use categories within the meaning of Insurance Law § 5102 (d) and seeking to dismiss the fourth affirmative defense, which alleges that plaintiff did not sustain a serious injury. Plaintiff met his burden with respect to those two categories by submitting objective evidence that he suffered a disc herniation at C6-C7 that required surgical intervention, and by submitting the affirmation of his treating neurosurgeon who concluded that, based upon his examination and treatment of plaintiff and his review of plaintiff's medical records, plaintiff's injuries were significant, permanent, and causally related to the accident (*see LaForte v Tiedemann*, 41 AD3d 1191, 1192 [2007]; *see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]). Plaintiff also submitted the affirmed report of the neurosurgeon who examined him at defendants' request. That neurosurgeon quantified the degree of loss of range of motion in plaintiff's cervical spine, including a 66% loss of extension and a 50% loss of right rotation, and correlated that loss to the normal range of motion in the relevant areas of plaintiff's cervical spine (*see Toure*, 98 NY2d at 350; *see also Harris v Carella*, 42 AD3d 915, 916-917 [2007]; *Strong v ADF Constr. Corp.*, 41 AD3d 1209, 1210 [2007]).

We further conclude that defendants failed to raise a triable issue of fact sufficient to defeat the motion with respect to the issue of serious injury or causation. Defendants submitted only an attorney's affirmation and a copy of an alleged surveillance videotape, which they concede was not authenticated and thus was properly disregarded by the court. It is well settled that, "where the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action . . . , and the submission of a hearsay affirmation by counsel alone does not satisfy this requirement" (*Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]). Moreover, the neurosurgeon who examined plaintiff at defendants' request concurred with the conclusion of plaintiff's treating neurosurgeon that plaintiff's cervical spine injury and the resulting surgery were causally related to the accident (*see LaForte*, 41 AD3d at 1192; *Ellithorpe v Marion* [appeal No. 2], 34 AD3d 1195, 1196 [2006]).

Finally, we note that the record establishes that defendants have expressly withdrawn their second affirmative defense, concerning the alleged failure of plaintiff to wear his seatbelt, having conceded that it lacks merit. Present—Smith, J.P., Centra, Peradotto, Green and Gorski, JJ.