■ JILL P. AUTIELLO, Respondent, v JOSHUA K. CUMMINS, Appellant. [890 NYS2d 652]—

---

Malone Jr., J. Appeal from an order of the Supreme Court (Hall Jr., J.), entered July 15, 2008 in Washington County, which granted plaintiff's motion for partial summary judgment.

In this personal injury action arising out of a motor vehicle collision in September 2003, plaintiff sought partial summary judgment on the issues of defendant's liability and plaintiff having sustained a serious injury pursuant to Insurance Law § 5102 (d). Defendant, while not contesting the issue of liability for the accident, opposed the motion as to serious injury, contending that plaintiff failed to establish that her injury was causally related to the accident. Supreme Court granted plaintiff's motion, prompting this appeal by defendant.

We affirm. As the proponent of the summary judgment motion, plaintiff bore the burden of establishing, as a matter of law, that she suffered a serious injury pursuant to Insurance Law § 5102 (d) and that the injury was causally related to the accident (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Card v Brown*, 43 AD3d 594, 595 [2007]). Plaintiff testified that the impact from the collision caused her mouth to strike the steering wheel and plaintiff's medical records indicate that she was experiencing pain in her upper lip area two days after the accident. Plaintiff further submitted the sworn affidavit of Alfred Hollis, her treating dentist, who diagnosed plaintiff as suffering a fractured front tooth that required it to be removed and replaced with an implant. Hollis opined that a metal post, which had been inserted into the tooth in a root canal procedure years prior to the accident, had been driven through the tooth and into the gum tissue causing the tooth to fracture. Hollis concluded that the metal post could have been driven into the gum tissue only by a blunt force trauma and attributed the injury to plaintiff striking the steering wheel with her mouth as a result of the collision. John

Turco, another dentist who treated plaintiff for the injury to her tooth, also concluded in a sworn affidavit that she suffered a fractured tooth as the result of the motor vehicle accident. Mindful that a fractured tooth may constitute a serious injury pursuant to Insurance Law § 5102 (d) (*see Moffitt v Murray*, 2 AD3d 1110, 1111 [2003]; *Kennedy v Anthony*, 195 AD2d 942, 942-943 [1993]), we conclude that plaintiff's evidence was sufficient to satisfy her burden.

The burden then shifted to defendant to raise a triable issue of fact as to plaintiff's injury through the submission of competent medical evidence (*see Horton v Warden*, 32 AD3d 570, 572 [2006]). To that end, defendant submitted an unsworn letter from dentist Dean DeLuke, in which DeLuke concluded that there was no evidence in plaintiff's medical records linking the injury to the accident and generally stated that teeth that had been previously treated with root canal therapy were generally more prone to fracture. Insofar as this letter was unsworn, it is of no probative value and is incompetent support for opposition to plaintiff's motion (*see Bright v McGowan*, 63 AD3d 1239, 1241 [2009]; *Tuna v Babendererde*, 32 AD3d 574, 576 n [2006]). Moreover, even if the report was properly sworn, DeLuke's conclusory and unsupported assertion as to the cause of plaintiff's injury is insufficient to withstand summary judgment (*see Ramos v Howard Indus., Inc.*, 10 NY3d 218, 224 [2008]; *Ann JJ. v Schenectady Assn. for Retarded Citizens*, 59 AD3d 772, 773 [2009]).

Cardona, P.J., Peters, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, with costs.