■ SHERIF ELSHAARAWY, Respondent, v U-HAUL CO. OF MISSISSIPPI et al., Appellants, et al., Defendant. [900 NYS2d 321]—

In a consolidated action to recover damages for personal injuries, the defendants U-Haul Co. of Mississippi, Jeffrey Cranford, U-Haul Company of Arizona, and Amanda Cranford

appeal from (1) an order of the Supreme Court, Kings County (F. Rivera, J.), entered April 15, 2008, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of damages and for a new trial on the issue of damages, and (2) a judgment of the same court entered October 20, 2008, which upon the order entered April 15, 2008, and upon an order of the same court (Johnson, J.), dated January 4, 2007, granting the plaintiff's motion for summary judgment on the issue of serious injury to his right knee, is in favor of the plaintiff and against them in the principal sum of $984,374.45, representing the net present value of the damages awards plus interest from June 15, 2006, to October 20, 2008.

Ordered that the appeal from the order entered April 15, 2008, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the plaintiff's motion for summary judgment on the issue of serious injury to his right knee is denied, the order dated January 4, 2007, is modified accordingly, the order entered April 15, 2008, is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order entered April 15, 2008, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On July 8, 2004, the plaintiff parked his car near the intersection of 77th Street and 6th Avenue in Brooklyn, exited the vehicle, and opened the rear passenger door to retrieve a tool box from the back seat. As the plaintiff was pulling the tool box out of his car, a rented U-Haul van operated by the defendant Jeffrey Cranford made a right turn onto 77th Street, and struck the plaintiff's car in the rear. The impact pushed the plaintiff's vehicle forward, and the right rear tire of the car ran over the plaintiff's right foot. According to the plaintiff, the sudden movement of his vehicle also caused him to lose his balance and fall back, hitting his head on the sidewalk and twisting his knee. The plaintiff alleges that, as a result of the accident, he sustained injuries to his right knee, back, neck, and head. Approximately four months later, the plaintiff underwent arthroscopic surgery on his right knee, which revealed that he had sustained a tear of the lateral meniscus, and a tear of the

anterior cruciate ligament. A second surgical procedure was performed on the plaintiff's right knee on December 14, 2004.

The plaintiff commenced one action against U-Haul Co. of Mississippi and Jeffrey Cranford, and a second action against, among others, U-Haul Company of Arizona and Amanda Cranford (hereinafter collectively the defendants). After the two actions were consolidated, the plaintiff moved for summary judgment on the issue of liability, and the Supreme Court granted his motion. The plaintiff subsequently moved for summary judgment on the issue of serious injury to his right knee under the 90/180 day category of Insurance Law § 5102 (d). In an order dated January 4, 2007, the Supreme Court granted the plaintiff's motion.

At the ensuing trial on the issue of damages, the plaintiff presented evidence regarding the injuries to his right knee, as well as additional injuries to his head and the cervical and lumbar regions of his spine.

In accordance with the order dated January 4, 2007, the jury was instructed that "[t]he court has already determined that plaintiff's knee injury was caused by this accident and caused an impairment, a medically determined impairment that fits this description. So, that issue is no longer before you with regard to his knee, which means that no matter what, you will have to give an award of what you consider fair and reasonable compensation for the knee injury that the court has determined was causally linked to this accident." The jury subsequently returned a verdict finding that the plaintiff sustained a medically determined injury or impairment of a nonpermanent nature to his neck, back, and/or head that prevented him from performing substantially all of his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident, and that the accident was a substantial factor in causing these injuries. The jury further found that the plaintiff had sustained a significant limitation of use of a body function or system "as to the neck, back and/or knee," and that the accident was a substantial factor in causing these injuries. The jury was not explicitly asked to determine which one or more of these three body functions or systems were affected by a significant limitation of use, but only to determine whether any one of them was so affected by such a significant limitation of use. The jury awarded the plaintiff the principal sums of $300,000 for past pain and suffering, $500,000 for future pain and suffering, and $15,000 for lost earnings, but was not asked to allocate the awards among the plaintiff's various injured body parts, functions, or systems. The defendants

thereafter moved pursuant to CPLR 4404 (a) to set aside the verdict on the issue of damages and for a new trial, and the Supreme Court denied their motion. A judgment in favor of the plaintiff and against the defendants was subsequently entered, and the defendants appeal from the judgment.

On appeal, the defendants contend that the Supreme Court erred in granting the plaintiff's motion for summary judgment on the issue of serious injury to his right knee under the 90/180 day category of Insurance Law § 5102 (d). We agree. As the proponent of the summary judgment motion, the plaintiff had the burden of making a prima facie showing that he suffered a serious injury pursuant to Insurance Law § 5102 (d), and that his injury was causally related to the accident (see Autiello v Cummins, 66 AD3d 1072 [2009]; McHugh v Marfoglia, 65 AD3d 828, 829 [2009]; LaForte v Tiedemann, 41 AD3d 1191, 1192 [2007]; Ellithorpe v Marion, 34 AD3d 1195 [2006]). The plaintiff satisfied this burden by submitting the affirmation of his orthopedic surgeon and his own affidavit, which established that as a result of the accident he had sustained a "a medically determined injury" to his right knee which prevented him from performing substantially all of his usual and customary daily activities for at least 90 of the first 180 days following the accident (Insurance Law § 5102 [d]; see Ellithorpe v Marion, 34 AD3d 1195, 1197 [2006]). However, in opposition, the defendants raised a triable issue of fact as to whether the plaintiff's knee injuries were caused by the subject accident by submitting the affirmation of their examining orthopedic surgeon, and the plaintiff's ambulance report and hospital emergency room records, which indicated that he made no complaints of knee pain immediately after the accident, and that examination of his knees revealed no swelling. Although the ambulance report and hospital emergency room records were uncertified, a defendant may rely upon unsworn medical reports and uncertified records of an injured plaintiff's treating medical care providers in order to demonstrate the lack of serious injury (see Hernandez v Taub, 19 AD3d 368 [2005]; Kearse v New York City Tr. Auth., 16 AD3d 45, 47 [2005]; Itkin v Devlin, 286 AD2d 477 [2001]; Abrahamson v Premier Car Rental of Smithtown, 261 AD2d 562 [1999]; Pagano v Kingsbury, 182 AD2d 268, 271 [1992]). Accordingly, the plaintiff's motion for summary judgment on the issue of serious injury to his right knee under the 90/180 day category should have been denied. Since the jury was instructed that its damages award must include compensation for the plaintiff's knee injuries, which the Supreme Court determined to be causally linked to the accident, the jury did not expressly find that the plaintiff sustained a significant limitation of use of his right

knee, and the jury did not specifically allocate damages to compensate the plaintiff for injuries to any particular parts, functions, or systems of his body, the judgment must be reversed, and a new trial on the issue of damages must be granted.

We further note that the Supreme Court erred in permitting the plaintiff's treating neurologist to testify as to the contents of a report interpreting magnetic resonance imaging (hereinafter MRI) films of the plaintiff's cervical spine, which was prepared by a radiologist who did not testify at trial (*see Wagman v Bradshaw*, 292 AD2d 84 [2002]; *see also Clevenger v Mitnick*, 38 AD3d 586, 587 [2007]; *Jemmott v Lazofsky*, 5 AD3d 558, 560 [2004]; *Beresford v Waheed*, 302 AD2d 342, 343 [2003]; *DeLuca v Ding Ju Liu*, 297 AD2d 307 [2002]). This testimony was improperly admitted because the MRI films were not in evidence, the plaintiff failed to elicit sufficient proof to establish that the MRI report interpreting the films was reliable, and the defendants had no opportunity to cross-examine the radiologist who prepared the report (*see Wagman v Bradshaw*, 292 AD2d at 89-90).

In light of our determination, we need not address the defendants' remaining contentions. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.