■ Mary Tandoi, Appellant, v Elizabeth Clarke, Respondent. [906 NYS2d 628]—

Cardona, P.J. Appeal (transferred to this Court by order of the Appellate Division, Fourth Department) from an order of the Supreme Court (Galloway, J.), entered November 17, 2009 in Monroe County, which, among other things, denied plaintiff's motion for summary judgment on the issue of serious injury.

Plaintiff commenced this action for injuries she allegedly sustained in September 2006 when her motor vehicle was struck from behind by a car driven by defendant. Following joinder of issue and discovery, plaintiff moved for summary judgment on the issues of liability and whether she suffered a serious injury within the meaning of Insurance Law § 5102 (d). Although the liability portion of the motion was granted, Supreme Court denied the motion as to serious injury, prompting plaintiff's appeal.

Plaintiff contends that Supreme Court erred in denying her motion for summary judgment on the issue of whether she suffered a serious injury under the "significant limitation of use" category within the meaning of Insurance Law § 5102 (d). We do not agree. "As the proponent of the summary judgment motion, plaintiff bore the burden of establishing, as a matter of law, that she suffered a serious injury pursuant to [that statute] and that the injury was causally related to the accident" (*Autiello v Cummins*, 66 AD3d 1072, 1073 [2009] [citations omitted]; *see McHugh v Marfoglia*, 65 AD3d 828, 828-829 [2009];

*LaForte v Tiedemann*, 41 AD3d 1191, 1192 [2007]; *Ellithorpe v Marion*, 34 AD3d 1195, 1196 [2006]). "[I]n order to establish . . . a significant limitation of use, the medical evidence submitted by plaintiff must contain objective, quantitative evidence with respect to diminished range of motion *or* a qualitative assessment comparing plaintiff's present limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*Dean v Brown*, 67 AD3d 1097, 1098 [2009] [emphasis added; internal quotation marks and citation omitted]; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]; *Hildenbrand v Chin*, 52 AD3d 1164, 1165 [2008]; *Pianka v Pereira*, 24 AD3d 1084, 1085 [2005]).

Here, contrary to Supreme Court's finding, we conclude that plaintiff succeeded in setting forth a prima facie showing that she sustained a serious injury pursuant to the above standard. Notably, plaintiff submitted excerpts from her deposition testimony indicating that, prior to the subject accident, she had no problems with her neck that required medical treatment. Further, plaintiff established the qualitative nature of her limitations by submitting affidavits from her physiatrist, Clifford Ameduri, and her neurosurgeon, Seth Zeidman, who, based upon objective medical evidence, including their physical examinations and treatment of plaintiff and review of two MRI scans and reports, dated February 14, 2007 and November 6, 2007, respectively, opined to a reasonable degree of medical certainty that plaintiff suffered a disc herniation at C6-7, which was the permanent and direct result of the motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 353; *Durham v New York E. Travel*, 2 AD3d 1113, 1114 [2003]).[1]

Although proof of a herniated disc alone is not sufficient to demonstrate a serious injury (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Ellithorpe v Marion*, 34 AD3d at 1196-1197), here, Zeidman also stated that, during his physical examinations of plaintiff, she exhibited "weakness in her left upper extremity biceps and triceps and numbness in the C6 and C7 distributions of the cervical spine." Significantly, Zeidman's

---

**1.** Plaintiff further maintains that her burden was met on the motion because she established the quantitative nature of her limitations (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 350) through Ameduri's assigning of specific percentages detailing plaintiff's reduced range of motion, accompanied by a comparison of those findings to normal ranges of motion, which were corroborated by the independent objective medical evidence of the MRI scans (*see Durham v New York E. Travel*, 2 AD3d at 1115). However, we note that Ameduri did not indicate for purposes of this motion what specific objective tests were employed to produce such percentages (*see Rivera v Benaroti*, 29 AD3d 340, 342 [2006]; *see also Toure v Avis Rent A Car Sys.*, 98 NY2d at 350).

conclusions were echoed by Ameduri, who further detailed plaintiff's significant limitations of "cervical range of motion with respect to extension, flexion and rotation." Zeidman opined that the herniation causes plaintiff "to suffer from persistent pain in her neck and left arm, numbness and tingling in the fingers of her left hand, toes of her left foot and left arm and neck weakness" and recommended surgical intervention. Zeidman further sufficiently described the qualitative nature of plaintiff's limitations by opining that her pain limited her ability to do normal, daily activities such as "housework, yardwork, lifting, using a computer, watching TV, placing items on overhead shelves and working as an intensive care unit nurse" (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 353; *Autiello v Cummins*, 66 AD3d at 1073-1074; *McHugh v Marfoglia*, 65 AD3d at 829; *LaForte v Tiedemann*, 41 AD3d at 1192), and attributed these limitations to the "natural and expected medical consequence of the injuries she suffered as a result of the motor vehicle accident" (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 353).

Given plaintiff's initial showing, the burden shifted to defendant to raise "a triable issue of fact . . . through the submission of competent medical evidence" (*Autiello v Cummins*, 66 AD3d at 1074). In that regard, defendant submitted an affirmed medical opinion summary, and an addendum thereto, of orthopedist Robert Molinari,[2] who stated therein that he reviewed plaintiff's medical records, imaging studies and radiographs, and opined that plaintiff suffered from disc degeneration at C4-5, C5-6, C6-7, which preexisted the motor vehicle accident. Notably, Molinari indicated that plaintiff's radiographs revealed "no evidence of significant injury or fracture[,] subluxation or instability" to her cervical spine resulting from the accident. While it is true that Molinari also acknowledged that the subject accident "may have exacerbated her degenerative changes and symptomotology," we cannot agree with plaintiff that this language was sufficient to justify summary judgment in her favor (*see e.g. LaForte v Tiedemann*, 41 AD3d at 1192) given Molinari's further specific statements that any aggravation of a preexisting condition would be mild and temporary (*see Mc Gough v Truco Engine*, 309 AD2d 1298, 1299 [2003]). In other words, since none of plaintiff's experts diagnosed her with the aggravation of

---

2. We note that while plaintiff correctly points out that Molinari's addendum was not in admissible form (*see Daus v Cassavaugh*, 17 AD3d 837, 838 [2005]), since she raised this argument for the first time on appeal it is unpreserved for appellate review (*see Shinn v Catanzaro*, 1 AD3d 195, 198 [2003]).

a preexisting condition, the proof in that regard was exclusively from defendant's expert, who specifically qualified his opinion by indicating that any limitation plaintiff sustained was not "significant" as required by the applicable category of Insurance Law § 5102 (d). Accordingly, we find that defendant raised a triable issue of fact sufficient to defeat plaintiff's motion for summary judgment on the issue of serious injury.

Mercure, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.