In an action to recover damages for personal injuries, the plaintiff Norbert Nicholson appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated January 31, 2012, as denied that branch of his motion which was for summary judgment in his favor on the issue of whether he sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and that branch of the plaintiffs motion which was for summary judgment in his favor on the issue of whether he sustained a serious injury within the meaning of Insurance Law § 5102 (d) is granted.
As the proponent of the motion for summary judgment, the plaintiff Norbert Nicholson (hereinafter the injured plaintiff) had the burden of making a prima facie showing that he sustained a serious injury within the meaning of Insurance Law § 5102 (d) and that the injury was causally related to the accident (see Elshaarawy v U-Haul Co. of Miss., 72 AD3d 878, 881 [2010]; Autiello v Cummins, 66 AD3d 1072, 1073 [2009]). The injured plaintiff satisfied this burden by submitting his own deposition testimony, his New York City Police Department employment records, and the affirmation and affirmed reports of his treating physician, all of which established that the injured plaintiff was out of work for more than 90 days during the 180-day period following the accident, and that the causes of his *720 absence were medically determined injuries to the cervical and lumbar regions of his spine that were caused by the accident (see e.g. Kapeleris v Riordan, 89 AD3d 903 [2011]; Elshaarawy v U-Haul Co. of Miss., 72 AD3d at 881).
In opposition, the defendants failed to raise a triable issue of fact as to whether the injured plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident (cf. Elshaarawy v U-Haul Co. of Miss., 72 AD3d at 881). Therefore, the Supreme Court should have granted that branch of the injured plaintiffs motion.
Angiolillo, J.E, Balkin, Austin and Miller, JJ., concur.