Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered October 7, 2013, which granted defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff initially alleged that, as a result of being struck by defendants’ motor vehicle in June 2011, he suffered a serious injury involving permanent or significant limitations in the use of his left knee, exacerbation of a prior knee injury, and a 90/ 180-day injury (Insurance Law § 5102 [d]). However, in opposition to defendants’ summary judgment motion, plaintiff limited his claim to the 90/180-day category.
Defendants established their entitlement to judgment as a matter of law on the 90/180-day claim by submitting the affirmed report of an orthopedic surgeon, who opined that plaintiff’s need for arthroscopic surgery for his left knee was *489 overwhelmingly the result of his previous accident in 2001, which had resulted in injury to his left femur and knee, and surgical placement of a metal rod in his left femur (see Winters v Cruz, 90 AD3d 412 [1st Dept 2011]). Defendants also relied on medical records of plaintiffs treating physicians who found, among other things, that plaintiff had near normal range of motion in the period following the accident, that X rays showed degeneration in the knee, and that the MRI taken after the June 2011 accident showed no meniscal or ligament tears, but suggested a contusion. Defendants thus demonstrated an absence of serious injury that would prevent plaintiff from performing substantially all of his usual and daily customary activities during the relevant period (see Rosa-Diaz v Maria Auto Corp., 79 AD3d 463 [1st Dept 2010]), and that his injuries were not caused by the subject accident, but were preexisting (see Jimenez v Polanco, 88 AD3d 604 [1st Dept 2011]). Plaintiffs objection to defendants’ reliance on unaffirmed medical records is unpreserved and, in any event, is unavailing (see Elshaarawy v U-Haul Co. of Miss., 72 AD3d 878, 881 [2d Dept 2010]; cf. Thompson v Abbasi, 15 AD3d 95, 97 [1st Dept 2005]).
In opposition, plaintiff submitted only an affidavit asserting that he was out of work for over five months following the accident. Since plaintiffs assertion that he was out of work for more than 90 days after his accident was not supported by any evidence of a medically determined injury caused by the subject accident, he failed to raise an issue of fact (see Winters v Cruz, 90 AD3d at 413).
Concur—Saxe, J.E, Moskowitz, Freedman, Gische and Kapnick, JJ.