■ MATTHEW WAYNE WILCOXEN, Respondent-Appellant, v MATTHEW PALLADINO et al., Appellants-Respondents. [996 NYS2d 191]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), dated October 3, 2013, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and the plaintiff cross-appeals from so much of the same order as denied his cross motion for summary judgment on the issue of whether he sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, without costs or disbursements.

As the proponent of a cross motion for summary judgment, the plaintiff had the burden of making a prima facie showing that he sustained a serious injury pursuant to Insurance Law § 5102 (d) and that the injury was causally related to the accident (*see Elshaarawy v U-Haul Co. of Miss.*, 72 AD3d 878, 881 [2010]; *Autiello v Cummins*, 66 AD3d 1072, 1073 [2009]). Here, the plaintiff's submissions demonstrated, prima facie, that he sustained a serious injury to his right leg under the permanent

consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) and that the injury was causally related to the subject accident (*see e.g. Autiello v Cummins*, 66 AD3d at 1073; *Mustello v Szczepanski*, 245 AD2d 553, 553-554 [1997]).

However, in opposition to the plaintiff's prima facie showing, the defendants raised a triable issue of fact (*see Rasporskaya v New York City Tr. Auth.*, 73 AD3d 727, 727 [2010]). Accordingly, the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the issue of whether he sustained a serious injury within the meaning of Insurance Law § 5102 (d). Furthermore, in light of the conflicting expert medical opinions submitted by the parties, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Rivera, J.P., Hall, Austin, Miller and Maltese, JJ., concur.