Maurer v Colton (2020 NY Slip Op 00967)





Maurer v Colton


2020 NY Slip Op 00967


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.


1230 CA 19-01249

[*1]ROSEANN MAURER, PLAINTIFF-RESPONDENT,
v
KENDALL COLTON, SHERRY COLTON, AND THOMAS COLTON, DEFENDANTS-APPELLANTS. (APPEAL NO. 3.) 






LAW OFFICES OF DESTIN C. SANTACROSE, BUFFALO (ELISE L. CASSAR OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), AND THE HIGGINS KANE LAW GROUP, P.C., FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered February 20, 2019. The order granted in part plaintiff's motion seeking to set aside the jury verdict and increase the award of damages. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the vehicle she was operating was rear-ended by a vehicle operated by defendant Kendall Colton and owned by defendants Sherry Colton and Thomas Colton. By a consent order, defendants stipulated that they were negligent in causing the motor vehicle collision and that their negligence was the sole proximate cause of the collision. Plaintiff thereafter moved for partial summary judgment on the issue whether she sustained a serious injury under the significant limitation of use, permanent consequential limitation of use, and 90/180-day categories of Insurance Law § 5102 (d).
In appeal No. 1, defendants appeal from an order of Supreme Court granting plaintiff's motion and determining that she sustained serious injuries to her knee, neck and back as a matter of law under all three categories of serious injury. In appeal No. 2, defendants appeal from an order of the same court insofar as it denied that part of their subsequent motion seeking leave to renew their opposition to the prior motion.
Following a trial, the jury awarded plaintiff damages of $125,000 for future medical expenses, $108,695 for past pain and suffering, and $266,305 for future pain and suffering to cover a period of 20.3 years. Plaintiff thereafter moved to set aside the verdict and to increase each of the awards. In appeal No. 3, defendants appeal from an order insofar as it granted that part of plaintiff's motion with respect to the awards for future medical expenses and future pain and suffering and ordered a new trial on damages unless defendants agreed to increase those awards to $130,000 and $480,000, respectively.
We agree with defendants in appeal No. 1 that the court erred in granting plaintiff's motion for partial summary judgment with respect to the 90/180-day category of serious injury and with respect to the permanent consequential limitation of use and significant limitation of use categories insofar as they relate to the alleged injury to her right knee, and we therefore modify the order in that appeal accordingly.
Regarding the 90/180-day category, we agree with defendants that plaintiff failed to meet [*2]her initial burden of establishing any serious injury under that category. Neither plaintiff nor her medical experts specifically addressed the limitations to plaintiff's usual and customary activities as a result of the accident during the requisite time period (cf. Limardi v McLeod, 100 AD3d 1375, 1377 [4th Dept 2012]). Plaintiff also failed to demonstrate that any of her alleged injuries were "non-permanent" (Insurance Law § 5102 [d]; see Martinez v City of Buffalo, 149 AD3d 1469, 1472 [4th Dept 2017]; Alcombrack v Swarts, 49 AD3d 1170, 1171 [4th Dept 2008]). We thus conclude that the court erred in determining as a matter of law that plaintiff sustained a serious injury under that category.
"[I]n order to establish a permanent consequential limitation or a significant limitation of use, the medical evidence submitted by plaintiff must contain objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing plaintiff's present limitations to the normal function, purpose and use of the affected body organ, member, function or system" (John v Engel, 2 AD3d 1027, 1029 [3d Dept 2003]; see generally Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002], rearg denied 98 NY2d 728 [2002]). With respect to her alleged knee injury, plaintiff failed to meet her initial burden of "establishing a permanent consequential limitation of use or a significant limitation of use through either a quantitative determination of any limited range of motion or a qualitative assessment of [her] condition" (Crane v Glover, 151 AD3d 1841, 1842 [4th Dept 2017]). As a result, the burden never shifted to defendants to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), and the court erred in concluding as a matter of law that plaintiff suffered a serious injury related to her knee under those two categories.
We nevertheless conclude that the court properly determined that plaintiff sustained serious injuries to her neck and back under the permanent consequential limitation of use and significant limitation of use categories. Plaintiff submitted the requisite objective, quantitative evidence with respect to the diminished range of motion in her neck and back (see McHugh v Marfoglia, 65 AD3d 828, 829 [4th Dept 2009]; see generally Toure, 98 NY2d at 353). Defendants, in opposition, submitted the report from their medical expert who confirmed that plaintiff "has a partial disability with respect to the neck and back as the incident of record seems to have aggravated a pre-existing condition." Their expert also provided a quantitative assessment of the limitations to plaintiff's cervical and lumbar range of motion. We thus conclude that defendants failed to raise a triable issue of fact whether plaintiff sustained serious injuries to her neck and back under the significant limitation of use and permanent consequential limitation of use categories (see LaForte v Tiedemann, 41 AD3d 1191, 1192 [4th Dept 2007]; see generally Wojcik v Kent, 21 AD3d 1410, 1412 [4th Dept 2005]).
Inasmuch as plaintiff established a serious injury as a matter of law, she "is entitled to recover damages for all injuries causally related to the accident, even those that do not meet the serious injury threshold" (Amaro v American Med. Response of N.Y., Inc., 99 AD3d 563, 564 [1st Dept 2012]; see Matula v Clement, 132 AD2d 739, 740 [3d Dept 1987], lv denied 70 NY2d 610 [1987]; Prieston v Massaro, 107 AD2d 742, 743-744 [2d Dept 1985]; see generally Rubin v SMS Taxi Corp., 71 AD3d 548, 549-550 [1st Dept 2010]).
Contrary to defendants' contention in appeal No. 2, the court properly denied that part of their subsequent motion seeking leave to renew their opposition to plaintiff's motion for partial summary judgment. Defendants failed to establish that the information sought to be submitted in support of that renewal motion, i.e., a second report from the medical expert, could not have been submitted in opposition to the original motion (see Heltz v Barratt, 115 AD3d 1298, 1299-1300 [4th Dept 2014], affd 24 NY3d 1185 [2014]; Jones v City of Buffalo School Dist., 94 AD3d 1479, 1479 [4th Dept 2012]). Moreover, that new information "would [not have] change[d] the prior determination" (CPLR 2221 [e] [2]; see Croisdale v Weed, 139 AD3d 1363, 1365 [4th Dept 2016]; Fasolo v Scarafile, 120 AD3d 929, 931 [4th Dept 2014], lv denied in part and dismissed in part 24 NY3d 992 [2014]).
Contrary to defendants' contentions in appeal No. 3, we conclude that the court properly granted plaintiff's posttrial motion and increased the awards for future medical expenses and future pain and suffering. The award of $125,000 for future medical expenses cannot
" be reconciled with a reasonable view of the evidence' " (Mecca v Buffalo Niagara Convention Ctr. Mgt. Corp., 158 AD3d 1161, 1162 [4th Dept 2018]; see generally Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). We further conclude that the jury's award for future [*3]pain and suffering, when compared to similar cases involving comparable injuries, deviated materially from what would be reasonable compensation (see Castillo v MTA Bus Co., 163 AD3d 620, 622-623 [2d Dept 2018]; Huff v Rodriguez, 45 AD3d 1430, 1433-1434 [4th Dept 2007]; Barrowman v Niagara Mohawk Power Corp., 252 AD2d 946, 948 [4th Dept 1998], lv denied 92 NY2d 817 [1998]; Schwartz v Rosenthal, 244 AD2d 325, 326 [2d Dept 1997], lv denied 92 NY2d 802 [1998]; see also Stewart v New York City Tr. Auth., 82 AD3d 438, 438-441 [1st Dept 2011], lv denied 17 NY3d 712 [2011]). We thus conclude that the court properly granted plaintiff's posttrial motion with respect to the awards of future medical expenses and future pain and suffering.
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court